IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY ST. MARTINE | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| KEYSTONE FREIGHT | : | |
| CORPORATION, NATIONAL RETAIL | : | |
| SYSTEM, INC., and INTERNATIONAL | : | |
| LONGSHOREMEN'S ASSOCIATION | : | |
| UNION, LOCAL 1964 | : | No. 10-1048 |

**Norma L. Shapiro, J.**                                                          February 28, 2012

**MEMORANDUM**

Plaintiff, Anthony St. Martine ("St. Martine"), brings this action under § 301 of the Labor Management Relations Act of 1947 against his former employers, Keystone Freight Corporation[1] ("Keystone") and National Retail System, Inc.[2] ("NRS"), and his former union, International Longshoremen's Association Union, Local 1964 ("Union"). He argues Keystone and NRS violated the terms of the applicable collective-bargaining agreement (the "CBA"), and the Union breached its duty of fair representation. Defendants have filed motions for summary judgment and petitions for expenses for responding to St. Martine's motion to compel discovery. St. Martine moved for leave to amend his complaint eleven months after pretrial motions were due.

---

[1] Plaintiff refers to Keystone as "Keystone Freight Corporation" while Keystone refers to itself alternatively as "Keystone Freight Corporation" and "Keystone Freight Corp." *See* paper nos. 15, 25.

[2] All parties refer to NRS as "National Retail System, Inc." On its website, NRS refers to itself as "National Retail Systems, Inc." *See* National Retail Systems, Inc., http://www.nrsonline.com (last visited Feb. 27, 2012).

1

For the reasons discussed below, the court will deny the Motion for Leave to File an Amended Pleading (paper no. 82), the Keystone and NRS Application for Fees and Costs (paper no. 77), and the Union Petition for Expenses Incurred (paper no. 76). The court will grant the Keystone and NRS Motion for Summary Judgment (paper no. 54) and the Union Motion for Summary Judgment (paper no. 61).

**I. Background**

Keystone provides retail transportation and distribution services throughout the United States, and operates a terminal on Sandmeyer Lane in Northeast Philadelphia (the "Philly Terminal"). NRS is Keystone's parent company. The CBA defines both Keystone and NRS as the "Employer." *See* CBA (paper no. 54, ex. 3, p. 5). The Union represents employees of the Philly Terminal and other locations.

St. Martine was a Union shop steward at the Philly Terminal and held "super seniority" status. He was employed as a truck driver from 2003 to August 25, 2009. During his employment, he received no warnings or discipline. On June 16, 2009, Keystone indefinitely suspended St. Martine from his job servicing Marmaxx stores (the "Marmaxx route"). Marmaxx had requested St. Martine's removal because they "[found] him to be a very disruptive force to store operations." *See* Am. Compl. (paper no. 22) ¶¶ 17, 27.

Following his suspension, St. Martine was offered a position in Chambersburg, Pennsylvania; he declined because it involved a longer commute, less pay, overnight travel, weekend work, and less seniority. St. Martine also declined a position in North Bergen, New Jersey. *See* Arb. Op. (paper no. 66, ex. A) at 6 n.6.

The parties attended an arbitration hearing on August 25, 2009. The arbitrator found St. Martine had been terminated for cause in accordance with the CBA because St. Martine had abandoned his job by rejecting the positions offered by Keystone and NRS.

In his amended complaint, St. Martine alleged that Keystone and NRS breached the CBA by: (1) failing to provide St. Martine 48-hours notice of the reason for his suspension, Am. Compl. (paper no. 22) ¶ 82; (2) failing to provide St. Martine and the Union two written warnings prior to his termination, *see id.* ¶¶ 81, 83; (3) suspending and terminating St. Martine for reasons not enumerated in the CBA, *id.* ¶ 83; and (4) terminating St. Martine for "job abandonment" without offering him a comparable position to the one he had, *id.* ¶ 84. St. Martine alleged that the Union, through its business agent Tom Caula ("Caula"), breached its duty of fair representation by failing to: (1) tell the arbitrator about Keystone's breaches of the CBA, *id.* ¶ 129; (2) tell the arbitrator about other jobs in Cinnaminson, New Jersey, *id.* ¶ 130; (3) require Keystone and NRS to provide a reason for St. Martine's suspension, *id.* ¶ 136; (4) prepare for issues discussed at the arbitration hearing, *id.* ¶ 134; (5) require Keystone and NRS to adhere strictly to the CBA, *id.* ¶ 135; and (6) prevent the termination of its shop steward for reasons unrelated to his performance, *id.* ¶ 139.

## II. Motion for leave to file a second amended complaint

St. Martine sought leave to amend his complaint to add a retaliation count against Keystone and NRS eleven months after pretrial motions were due. *See* Order (paper no 45); Mot. Leave (paper no. 82). St. Martine provided no reason for the delay.

"A district court may deny leave to amend a complaint if a plaintiff's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the opposing party." *Cureton v.*

3

*Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 272–73 (3d Cir. 2001). Although "delay alone is an insufficient ground to deny leave to amend[,] . . . [d]elay may become undue when a movant has had previous opportunities to amend a complaint." *Id.* at 273. When considering a motion for leave to amend that could place an unwarranted burden on the district court or prejudice an opposing party, a district court must "articulate the prejudice caused by the delay and . . . balance those concerns against the reasons for delay." *Id.* at 276.

In *Cureton*, the Court of Appeals considered whether the district court abused its discretion by denying the plaintiffs' motion to alter or amend summary judgment and for leave to file a second amended complaint. The plaintiffs, a putative class of African-American student-athletes, challenged the NCAA minimum standardized-test score requirement for athletic participation and claimed it had a disparate impact on African-American student-athletes. The parties filed cross-motions for summary judgment, and the district court granted summary judgment in favor of the plaintiffs. The Court of Appeals remanded the action with direction to enter judgment for the NCAA, and the plaintiffs then moved to alter or amend summary judgment and for leave to amend their complaint to allege intentional discrimination. The district court denied the motion for leave to amend as untimely, prejudicial to the NCAA, and futile. The Court of Appeals affirmed the district-court judgment and held, *inter alia*, that the district court did not abuse its discretion in denying the plaintiffs' motion. The district court had analyzed the amended complaint, plaintiffs' reasons for delay, and prejudice to the NCAA, and had "concluded that the new claim fundamentally altered the proceeding and could have been asserted earlier." *Id.* at 274.

In *In re Madera*, 586 F.3d 228 (3d Cir. 2009), the Court of Appeals reviewed the district court's affirmance of the bankruptcy court's denial of the plaintiffs' motion to amend their complaint. The plaintiffs, having defaulted on two loans, sued the creditor of the second loan under the Truth in Lending Act. The defendant moved for summary judgment. The plaintiffs then moved for leave to amend their complaint. The bankruptcy court granted the defendant's motion for summary judgment and denied the plaintiffs' motion to amend. The Court of Appeals found that granting the motion to amend would have prejudiced the defendant by "requiring it to reopen discovery and respond to new legal theories[,]" and amending the complaint would have been futile because the new claims were litigated and decided in favor of the defendant in a separate action. *Id.*

> Coming as it did after the parties had completed discovery, and after the deadline by which time all pretrial motions were due, the [plaintiffs'] motion to amend was untimely. The claims contained in the proposed Amended Complaint are not based on evidence that came to light after discovery. On the contrary, the [plaintiffs] simply failed to assert these claims before [the defendant's] summary judgment motion was filed.

*Id.* at 234. The Court of Appeals found that the bankruptcy court did not abuse its discretion by denying the motion to amend.

Allowing St. Martine to add a retaliation count would prejudice defendants by requiring them to reopen discovery and prepare new defenses. St. Martine argues "[t]he retaliation claim is not a new one but rather has been extensively alleged throughout the Complaint and [became] even more clear" from discovery. *See* Mot. Amend (paper no. 82) ¶ 3. Although St. Martine's complaint concludes "Keystone and NRS clearly did not want Mr. St. Martine at the Philly Terminal and it is clear that he was terminated for his role as a vocal and active Shop Steward

5

rather than any job performance failures on his part[,]" *see* Am. Compl. (paper no. 22) ¶ 85, St. Martine has failed to allege facts supporting his conclusion. Even if St. Martine *had* alleged facts suggesting retaliation, he has offered no reason for his eleven-month delay in adding the retaliation claim. St. Martine "simply failed to assert [this claim] before [defendants'] summary judgment motion was filed." *See Madera*, 586 F.3d at 234.

Amending the complaint would be futile. Under the burden-shifting test applied to retaliation claims, St. Martine must first show a *prima facie* case of retaliation. *See Moore v. City of Phila.*, 461 F.3d 331, 342 (3d Cir. 2006). The burden then shifts to Keystone and NRS to offer a nonretaliatory reason for his termination. St. Martine must then produce evidence of "weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions" in Keystone's and NRS's offered reason that could allow a reasonable factfinder to infer the offered reason "was either a *post hoc* fabrication or otherwise did not actually motivate the employment action[.]" *See Fuentes v. Perskie*, 32 F.3d 759, 764 (3d Cir. 1994). Assuming St. Martine could show a *prima facie* case of retaliation, Keystone and NRS have offered a nonretaliatory reason for St. Martine's termination (*i.e.*, job abandonment). *See* Mot. Summ. J. (paper no. 54) ¶ 36. St. Martine has failed to produce evidence sufficiently discrediting this offered reason. *See Fuentes*, 32 F.3d at 764. St. Martine's motion for leave to amend his complaint will be denied.

**III. Petitions for expenses**

On March 19, 2011, St. Martine moved to compel discovery (paper no. 68) without complying with Federal Rule of Civil Procedure 37(a)(1), requiring a good-faith attempt to

resolve discovery issues before seeking court intervention.[3] The court denied the motion and St. Martine's request for $500 in expenses for having to file the motion. Keystone, NRS, and the Union also filed petitions for expenses (paper nos. 76, 77). St. Martine opposed both petitions (paper no. 78).

> If the motion [to compel] is denied, the court . . . must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(B). St. Martine's counsel admitted she filed the motion to compel without first conferring with defendants. She explained she was traveling to India on the day she filed the motion and felt she needed to seek intervention prior to her departure because of the approaching trial date. *See* Mot. Compel (paper no. 68) ¶¶ 25–27. Because St. Martine's counsel failed to confer with defendants before filing the motion to compel, St. Martine's motion to compel was not substantially justified. *See* Fed. R. Civ. P. 37(a)(5)(B).

Keystone and NRS together sought $1,397 in expenses incurred in opposing the motion to compel. *See* App. Fees (paper no. 77-1). The court ordered all defendants to send a representative to the final pretrial conference. *See* Order (paper no. 81). The Union complied; Keystone and NRS did not. "On motion or on its own, the court may issue any just orders . . . if a party or its attorney . . . fails to appear at a scheduling or other pretrial conference[.]" Fed. R.

---

[3] Federal Rule of Civil Procedure 37(a)(1) requires a party moving to compel disclosure or discovery to "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."

7

Civ. P. 16(f)(1). Even though St. Martine's motion to compel was not substantially justified, the court will sanction Keystone and NRS for their failure to send a representative to the final pretrial conference by denying their petition for expenses.

The Union sought $805 in expenses incurred in opposing the motion to compel. *See* Pet. Exp. (paper no. 76). Prior to the motion to compel, St. Martine had requested documents referred to by Caula in his deposition. *See* Mot. Compel (paper no. 68) at 31 (requesting documents); Opp'n Mot. Compel (paper no. 70) at 3 (noting documents referred to by Caula in deposition). St. Martine's counsel had not received documents responsive to this request when she served the following request for admission on the Union: "Mr. Thomas Caula did not receive any written documentation verifying the unavailability of jobs for Mr. St. Martine at the Philly Barn following his suspension." *See* Mot. Compel at 19. The Union responded with one word: "Deny[.]" *See id.* St. Martine argues the Union's denial showed it had withheld responsive documents. *See id.* ¶¶ 11–14. The Union argues Caula had received documents at the arbitration hearing but did not retain them. *See* Opp'n Mot. Compel (paper no. 70) at 3.

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Fed. R. Civ. P. 36(a)(4). The Union should have fairly responded to St. Martine's request by explaining that it did not retain the documents. Had the Union fairly responded, the motion to

compel it to produce would have been unnecessary. An award of expenses to the Union would be unjust. *See* Fed. R. Civ. P. 37(a)(5)(B). The Union petition for expenses will be denied.

**IV. Motions for summary judgment**

St. Martine's action is a hybrid action under § 301 of the Labor Management Relations Act of 1947;[4] *i.e.*, "a union member sues his or her employer for breaching its contractual obligations under the collective bargaining agreement and the union for breaching its duty of fair representation." *Beidleman v. Stroh Brewery Co.*, 182 F.3d 225, 236 (3d Cir. 1999). A hybrid § 301 action is not a straightforward breach-of-contract action but rather "a direct challenge to 'the private settlement of disputes under [the collective-bargaining agreement].'" *United Parcel Service, Inc. v. Mitchell*, 451 U.S. 56, 66, 101 S. Ct. 1559, 67 L. Ed. 2d 732 (1981) (Stewart, J., concurring) (citation omitted). The claims against the employer and the union are "inextricably interdependent"—the plaintiff must prove "that the employer breached the collective bargaining agreement in order to prevail on the breach of duty of fair representation claim against the union, and vice versa." *Felice v. Sever*, 985 F.2d 1221, 1226 (3d Cir. 1993). A demonstration that the

---

[4] Section 301 provides, in relevant part:
> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this Act, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a).

union breached its duty of fair representation is an "indispensable predicate" for a hybrid § 301 action. *Mitchell*, 451 U.S. at 62.

  Summary judgment must be granted if, viewing the evidence in the light most favorable to the nonmoving party, "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant must identify those portions of the record showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). If the nonmovant bears the burden of persuasion at trial, the movant must show that the nonmovant's evidence is insufficient to carry the burden of persuasion. *Id.* at 323. The nonmovant must respond with evidence establishing a genuine issue of material fact for trial. *Id.* at 324; *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). A dispute is "genuine" only if there is "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). The nonmovant may not rely upon "mere allegations, general denials, or . . . vague statements[.]" *Trap Rock Indus., Inc. v. Local 825, Int'l Union of Operating Eng'rs*, 982 F.2d 884, 890 (3d Cir. 1992).

  The Union argues summary judgment is proper because, despite extensive discovery, St. Martine has provided no evidence to support his claim against the Union for breach of its duty of fair representation. Keystone and NRS argue: (1) the Union did not breach its duty because it processed St. Martine's grievance through every step of the grievance process including arbitration; and (2) even if Caula, the Union business agent, failed to present evidence at the arbitration hearing, Caula's conduct is merely negligent and cannot support St. Martine's claim.

St. Martine argues summary judgment is improper because: (1) Caula failed to investigate independently Keystone's assertion that there were no available jobs for St. Martine after he lost the Marmaxx route; (2) at the arbitration hearing, Caula failed to mention the history of conflict between St. Martine and Keystone manager Abe Baez; (3) at the arbitration hearing, the Union intentionally chose not to present evidence of the availability of other jobs; and (4) the arbitrator's opinion suggests he would have decided otherwise had St. Martine's provided evidence for his assertions about the availability of other jobs, *see* Arb. Op. (paper no. 66, ex. A) at 6.

A union breaches its duty of fair representation when its conduct toward a member of a collective bargaining unit is "arbitrary, discriminatory, or in bad faith." *Vaca v. Sipes*, 386 U.S. 171, 190, 87 S. Ct. 903, 17 L. Ed. 2d 842 (1967). A union acts arbitrarily "only if, in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a 'wide range of reasonableness' as to be irrational." *Air Line Pilots Ass'n v. O'Neill*, 499 U.S. 65, 67, 111 S. Ct. 1127, 113 L. Ed. 2d 51 (1991) (citation omitted). A union acts in bad faith if it acts fraudulently, dishonestly, or deceitfully. *Amalgamated Ass'n of St., Elec. Ry. & Motor Coach Emps. of Am. v. Lockridge*, 403 U.S. 274, 299, 91 S. Ct. 1909, 29 L. Ed. 2d 473 (1971). A union acts discriminatorily if it treats a union member differently "because of an 'irrelevant and invidious' distinction[.]" *See Peterson v. Lehigh Valley Dist. Council*, 676 F.2d 81, 87 (3d Cir. 1982) (citation omitted). A union does not act arbitrarily, discriminatorily, or in bad faith by acting negligently or exercising poor judgment. *See Bazarte v. United Transp. Union*, 429 F.2d 868, 872 (3d Cir. 1970).

In *Bazarte*, the plaintiff, a railroad fireman, worked a 3:15 p.m.–11:15 p.m. shift for B&O Railroad, subject to being available for overtime work. A company rule forbade employees from working other jobs without permission. The plaintiff worked a 12:00 a.m.–8:00 a.m. shift for another railroad company. *Id.* at 869–70. The plaintiff, claiming he was ill, left his B&O job early without permission on a night his crew was required to work overtime. B&O held a hearing to investigate the plaintiff's absence and eventually discharged him for violating the company rule. The plaintiff filed a grievance. The chairman of the union's grievance committee and his superior decided it would be useless to prosecute the grievance. *Id.* at 870. The district court found that the union had breached its duty of fair representation to the plaintiff, but the Court of Appeals held that "[a]n employee . . . is subject to the union's discretionary power to settle or even to abandon a grievance, so long as it does not act arbitrarily, and this is true even if it can later be demonstrated that the employee's claim was meritorious." *Id.* at 872. The Court of Appeals, reversing the district court, stressed that proof of arbitrary or bad-faith conduct is necessary to prove a union's breach of its duty of fair representation and proof of negligent conduct does not meet this standard. *Id.*

In a grievance proceeding, a union breaches its duty of fair representation by arbitrarily ignoring a grievance or processing it in a perfunctory fashion. *Riley v. Letter Carriers Local No. 380*, 668 F.2d 224, 228 (3d Cir. 1981). Perfunctory conduct does not include mere ineptitude or negligence. *Id.*

In *Findley v. Jones Motor Freight*, 639 F.2d 953 (3d Cir. 1981), the plaintiff, terminated from his position as a driver, sued his employer, Jones Motor Freight, for breach of the collective bargaining agreement, and his union for breach of its duty of fair representation. The plaintiff

argued the union failed to: (1) present certain witnesses at the grievance hearings, *id.* at 959; (2) pursue the possibility of interviewing other witnesses, *id.*; (3) brief the plaintiff before the hearings, *id.*; (4) rebut an affidavit about the plaintiff's threats, *id.* at 960; (5) properly argue that the collective bargaining agreement required warning before termination, *id.*; and (6) notify the plaintiff of the grievance panel's membership, *id.* The Court of Appeals, finding that the plaintiff's arguments "establish[ed], at best, no more than arguably negligent conduct[,]" *id.* at 959, vacated the judgment for plaintiff in the district court and remanded for entry of judgment in favor of the defendants. The court of appeals found that the union's conduct "was, at the least, adequate and within the realm of 'acceptable performance'" because the union had taken the plaintiff's claim through every step of the grievance procedure, two union representatives familiar with the claim had presented it, and plaintiff had testified at each proceeding. *Id.* at 960–61 (citation omitted).

St. Martine argues the Union failed to investigate independently Keystone's assertions regarding available work and present certain evidence at the arbitration hearing. But the Union's failure to investigate and present certain evidence was, at worst, mere negligence or poor judgment. Neither negligence nor poor judgment is a breach of the duty of fair representation. *See Bazarte*, 429 F.2d at 872.

St. Martine argues the Union failed to enforce the CBA. Although the arbitrator's decision was unfavorable to St. Martine, the Union attempted to enforce the CBA by processing St. Martine's grievance through arbitration and representing his interests at each proceeding. *See* Arb. Op. (paper no. 66, ex. A) at 7 ("While the Union argued strongly on behalf of the Grievant, the Company met its burden of proof that termination was proper and appropriate[ly] issued.").

Even if the Union were negligent in presenting St. Martine's claim, the Union did not ignore the claim nor process it in a perfunctory manner. St. Martine has failed to show that the Union's conduct was arbitrary, discriminatory, or in bad faith. The Union did not breach its duty of fair representation.

Because a demonstration that the Union breached its duty of fair representation is an "indispensable predicate" for a hybrid § 301 action, *see Mitchell*, 451 U.S. at 62, St. Martine's hybrid § 301 claim fails as a matter of law; we need not consider whether Keystone and NRS have breached the CBA.

**V. Conclusion**

For the foregoing reasons, the court will deny the Motion for Leave to File an Amended Pleading (paper no. 82), the Keystone and NRS Application for Fees and Costs (paper no. 77), and the Union Petition for Expenses Incurred (paper no. 76). The court will grant the Keystone and NRS Motion for Summary Judgment (paper no. 54) and the Union Motion for Summary Judgment (paper no. 61). An appropriate order follows.